## SHACKELFORD v. KING.

Under the statute (Laws 1879, p. 226) appeals to this court were only authorized when the judgment or decree appealed from was final, and amounted, exclusive of costs, to the sum of $20, or related to a franchise or freehold.

*Appeal from District Court of Lake County.*

THE facts are stated in the opinion.

Messrs. SHACKELFORD and WAITE, for appellant.

BECK, J. King recovered a judgment against Randolph in the county court of Lake county for the sum of $230. After entry of this judgment, his attorneys, Berkley and Shackelford, filed a claim against it, claiming a lien to the full amount of the judgment on account of professional services.

The judgment was collected and the money paid into court. King then appeared by another attorney, Stone, and demanded the money, regardless of the lien claim. It was finally stipulated in writing that the court should determine the lien claim in the distribution of the fund as fully as if a bill had been filed to enforce it, and an issue had been made up of record.

The lien claim appears to have been assigned in the meantime to the appellant in this case, J. O. Shackelford.

As the result of the adjudication an order was entered that $50 of the amount collected on the judgment be paid to Shackelford, and that the balance thereof be paid to Stone, as attorney for King.

Shackelford appealed from this decree to the district court of Lake county.

The controversy was heard at the May term, 1880, Judge Bowen presiding, when it was adjudged that Shackelford was entitled to receive upon his lien the balance of the fund remaining in the hands of the county

judge, which was the further sum of $182; and it was ordered that said judge pay the same over to Shackelford in five days.

At the succeeding September term of said court, Judge McMorris presiding, a motion was filed in the same cause for a rule upon the county judge to show cause why he should not obey the order entered at the May term of the district court, and pay the funds in his hands to Shackelford.

The motion was denied and the cause ordered to be stricken from the docket. The present appeal is brought to review the last-mentioned rulings.

It is clear that no appeal lies for this purpose. As the law stood at the time the proceedings complained of were had, appeals to this court from the district and county courts were only authorized by statute when the judgment or decree appealed from was final, and amounted, exclusive of costs, to the sum of $20, or related to a franchise or freehold. Laws 1879, p. 226.

Appellant seems to have prosecuted this appeal on the theory that the denial of his motion at the September term of the district court, and the order of Judge McMorris striking the cause from the docket, operated to set aside the decree entered at the May term of said court. This is incorrect. Whatever views the judge may have entertained as to the validity of the decree entered by Judge Bowen at the May term, the transcript of the record contains no order vacating or setting it aside.

The judge merely refused to enforce the decree. The error complained of cannot be corrected in this manner.

The appeal is dismissed at the costs of the appellant.

*Appeal dismissed.*